UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:15-CV-884-TBR

SHARYEL PERRY,                                                                                               Plaintiff

v.

METROPOLITAN LIFE INSURANCE COMPANY,                                           Defendant

**MEMORANDUM OPINION**

This matter comes before the Court upon the Motion to Transfer Venue of Defendant Metropolitan Life Insurance Company ("MetLife"). (DN 14). Plaintiff Sharyel Perry has responded. (DN 15). In her response, Perry states that she "believes venue was and remains properly in the Western District of Kentucky" but does not oppose a transfer of venue to the Middle District of Georgia. (DN 15). Perry has also moved to stay this action pending this Court's ruling on the motion to transfer. (DN 16). MetLife has no objection to this motion. (DN 17). For the following reasons, the Court will GRANT MetLife's Motion to Transfer Venue and DENY Perry's Motion to Stay as moot.

STANDARD

28 U.S.C. § 1404(a) provides that, for "the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The plain text of § 1404(a) requires a two-part analysis. The Court must first determine if the action could have originally been filed in the transferee district. *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964). If so, the Court must then determine "whether, on balance, a transfer would serve 'the convenience of the parties and witnesses' and otherwise promote 'the interest of justice.'" *Atl. Marine Constr. Co. v. U.S. Dist. Court for W. Dist. of Tex.*, 134 S. Ct. 568, 581 (2013) (quoting 28 U.S.C. § 1404(a)). "As the permissive language of

1

the transfer statute suggests, district courts have 'broad discretion' to determine when party 'convenience' or 'the interest of justice' make a transfer appropriate." *Reese v. CNH Am. LLC*, 574 F.3d 315, 320 (6th Cir. 2009).

## DISCUSSION

MetLife requests that this Court transfer this case to the Middle District of Georgia. This Court must first determine whether venue is proper in the Middle District of Georgia. The Court must then look at whether the convenience of the parties and the interest of justice warrant transferring this action.

Venue in an ERISA action is proper in any district "where the plan is administered, where the breach took place, or where a defendant resides or may be found." 29 U.S.C. § 1132(e)(2). "A defendant 'resides or may be found,' for ERISA venue purposes, in any district in which its 'minimum contacts' would support the exercise of personal jurisdiction." *Moore v. Rohm & Haas Co.*, 446 F.3d 643, 646 (6th Cir. 2006) (citing *Waeltz v. Delta Pilots Ret. Plan*, 301 F.3d 804, 809–10 (7th Cir. 2002); *Varsic v. U.S. Dist. Court for Cent. Dist. of Cal.*, 607 F.2d 245, 248–49 (9th Cir. 1979)). The benefit plan at issue in this case is administered by Synovus Financial Corporation ("Synovus"). Synovus is headquartered in the Columbus, Georgia, which is located in the Middle District of Georgia. Accordingly, venue is proper in the Middle District of Georgia.

The Court must next look at whether the convenience of the parties and the interest of justice warrant transferring this action. "Convenience is generally a matter of the parties' physical location in relation to the plaintiff's choice of forum." *Boiler Specialist, LLC v. Corrosion Monitoring Servs., Inc.*, No. 1:12-CV-47, 2012 WL 3060385, at *3 (W.D. Ky. July 26, 2012). The Court concludes that the Middle District of Georgia is more convenient and has

the greater interest in deciding this case. *AMF, Inc. v. Computer Automation, Inc.*, 532 F. Supp. 1335, 1339-40 (S.D. Ohio 1982) ("jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation") (citation omitted). Perry resides in Midland, Georgia, which is located in the Middle District of Georgia. (DN 14). The alleged breach occurred in the Middle District of Georgia. *Coulter v. Office & Prof'l Employees Int'l Union*, 2003 WL 21938910, at *3 (E.D. Tenn. 2003) (collecting cases) (finding alleged breach occurs "where the plaintiff receives his or her benefits"). Perry worked at Synovus's Columbus location. Perry's medical providers are in Georgia. Conversely, there is no connection to Kentucky other than the fact that Perry's counsel in located here. This Court has previously declined to afford counsel's location any weight. *See e.g. Whitehouse v. Life Ins. Co. of N. Am.*, No. 3:15-CV-00639-TBR, 2015 WL 7587361, at *1 (W.D. Ky. Nov. 25, 2015) (collecting cases). Accordingly, the Court finds that the convenience of the parties and the interest of justice warrant transferring this case to the Middle District of Georgia.

## CONCLUSION

For the reasons discussed above, Defendant Metropolitan Life Insurance Company's Motion to Transfer (DN 14) is GRANTED. The Clerk of the Court is DIRECTED to transfer the above-captioned action to the United States District Court for the Middle District of Georgia. Plaintiff Perry's Motion to Stay (DN 16) is DENIED as moot. An appropriate Order will be issued.

cc: counsel